**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ROANOKE Division**

**CHAPTER 13 PLAN**
**AND RELATED MOTIONS**

IN RE:    Shelia Joyce Moore
          Debtors                                          CASE NO: _____

This plan, dated March 3, 2009 is:

    [ x] the *first* Chapter 13 plan filed in this case.
    [] modified plan, which replaces the plan dated:

**The plan provisions modified by this filing are:**

**To provide for post-petition arrears.**

**Creditors affected by this modification are:**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless written objection is filed on or before the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

| | |
|---|---|
| Total Assets: | $66,016.00 |
| Total Non-Priority Unsecured Debt: | $26,019.50 |
| Total Priority Debt: | $0.00 |
| Total Secured Debt: | $48,000.00 |

1.   **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of $125.00 per month for 60 months.(LESS PAYMENTS MADE ON PLAN). Other payments to the Trustee are as follows: **  Non-applicable  . The total amount to be paid into the plan is $7500.00.**

1

2.    **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A.    **Administrative Claims under 11 U.S.C. § 1326.**

        1.    The Trustee will be paid the Unsecured Creditors the amount listed in Paragraph 4.
        2.    **Debtor(s)' attorney will be paid $1000.00, to be paid in 10 monthly payments of $100.00 per month.**

    B.    **Claims under 11 U.S.C. § 507.**

The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that the allowed claims pursuant to 11 U.S.C.§ 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| NONE | | | |

3.    **Secured Creditors and Motions to Value Collateral.**

This paragraph provides for claims of creditors who hold debts that are secured by real or personal property of the debtor(s) but (a) are not secured solely by the debtor(s)' principal residence and (b) do not have a remaining term longer than the length of the plan..

    A.    **Claims to Which §506 Valuation is NOT applicable:** Claims listed in this subsection consist of debts secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of the filing of the bankruptcy petition, or if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See §1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). **Upon confirmation of the plan, the interest rate shown below will be binding unless a timely objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Est Claim amt | (e) Interest Rate | (f) Monthly payment & Term |
|---|---|---|---|---|---|
| NONE | | | | | |

    B.    **CLAIMS TO WHICH §506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 3.A. After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. **Upon confirmation of the plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement Value | (e) Interest Rate | (f) Monthly payment & Term |
|---|---|---|---|---|---|
| None | | | | | |

**\*\*\*THE MONTHLY PAYMENT STATED HERE SHALL BE THE ADEQUATE PROTECTION PAYMENTS PURSUANT TO 1326(a)(1)(C) TO THESE CREDITORS UNLESS OTHERWISE PROVIDED IN PARAGRAPH 11 OR BY SEPARATE ORDER OF THE COURT.**

C. **Collateral to be surrendered.**  Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy such creditor's claim, the creditor may hold a non-priority, unsecured claim for a timely filed deficiency claim. The order confirming the plan shall have the effect of terminating the automatic stay as to the collateral surrendered.

| Creditor | Collateral Description | Estimated Total Claim | Full Satisfaction (Y/N) |
|---|---|---|---|
| GMAC | 2007 Chevrolet Pick Up | $28,331.00 | not sure |

**4. Unsecured Claims.**

A. **Not separately classified.**  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately _15%. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately _15_%.

B. **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| NONE | | |

**5. Long Term Debts and Claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

A. **Debtor(s) to pay claim directly.**  The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Payment |
|---|---|---|---|---|---|---|
| Citifinancial | dt on house lot | REGULAR MONTHLY PAYMENTS | | | | |

B. **Trustee to pay the contract payments and the arrearages.**  The creditors listed below will be paid by the Trustee the regular contract monthly payments during the term of this plan. The arrearage claims, if any, will be cured by the Trustee by payments made either pro rata with other secured claims or by fixed monthly payments as indicated below.

Regular

3

| Creditor | Collateral | Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Payment |
|---|---|---|---|---|---|---|
| NONE | | | | | | |

**6.    Executory Contracts and Unexpired Leases.**  The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    **A.    Executory contracts and unexpired leases to be rejected.**  The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|

NONE

    **B.    Executory contracts and unexpired leases to be assumed.**  The debtor(s) assume the following executory contracts.  The debtor agrees to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|

NONE

**7.    Motions to Avoid Liens.**

    **A.    The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|

NONE

    **B.**    **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|

NONE

**8.**    **Treatment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

**9.**    **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

**10.**    **Incurrence of Indebtedness.** During the term of the plan, the debtor(s) shall not incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

**11.**    **Other provisions of this plan: Adequate protection to secured creditor shall be the amount listed above as payment on the secured debt.**

**Signatures:**

**Dated:__03-03-2009_____**

**_/s/Shelia Joyce Moore**
**Debtor**

                      **/s/Tony M. Hutchinson**
                      **Attorney**

**Exhibits:**    **Copy of Debtor(s)' Budget (Schedules I & J)**
                **Matrix of Parties Served with plan.**

Certificate of Service

I certify that on _March 3, 2009, I mailed a true copy of the foregoing Chapter 13 Plan to all creditors on the attached Service List.

/s/ Tony M. Hutchinson
Debtor(s)' Attorney

**TONY M. HUTCHINSON**
**VSB 28950**
**P. O. Box 16039**
**Bristol, VA 24209**
**(276) 669-4902**
**fax: (276) 669-2100**