**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ROANOKE Division**

**CHAPTER 13 PLAN**
**AND RELATED MOTIONS**

IN RE:    **SHEILA JOYCE MOORE**                    **Chapter 13**
          Debtors                                    CASE NO: _____

This plan, dated April 6, 2012, is:

       [] the *first* Chapter 13 plan filed in this case.
       [x] modified plan, which replaces the
           [x] confirmed or [] unconfirmed plan dated: March 3, 2009

**The plan provisions modified by this filing are:**

**TO SURRENDER COLLATERAL TO HSBC**

**Creditors affected by this modification are:**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless written objection is filed on or before the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

| | |
|---|---|
| Total Assets: | $66,016.00 |
| Total Non-Priority Unsecured Debt: | $26,019.50 |
| Total Priority Debt: | $0.00 |
| Total Secured Debt: | $48,000.00 |

1. **Funding of Plan.** The debtors propose to pay the Trustee the sum of $125.00 per month for 60 months. (LESS PAYMENTS MADE ON PLAN). Other payments to the Trustee are as follows: <u>  Non-applicable  </u>. **The total amount to be paid into the plan is $7,500.00.**

1

**2.** **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

      **A.** **Administrative Claims under 11 U.S.C. § 1326.**

          1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. §586(e), not to exceed 10% of all sums disbursed except for funds returned to the debtor(s)..
          2. Debtor(s)' attorney fee will be paid $1000.00 balance, of the total fee of $1000.00, paid at Trustee's discretion, currently with or prior to the payments to remaining creditors.

      **B.** **Claims under 11 U.S.C. § 507.**

The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that the allowed claims pursuant to 11 U.S.C.§ 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| NONE | | | |

**3.** **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

      **A. Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. §1322(b)(2) or by the final paragraph of 11 U.S.C. §1325(1)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value the collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. §1322(b)(2) [real estate which is debtors(s)' principal residence] or by the final paragraph of 11 U.S.C.§1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**

| Creditor | Collateral | Purchase date | Est Debt Bal | Replacement Value |
|---|---|---|---|---|
| NONE | | | | |

      **B. Real or Personal Property to be Surrendered.**

Upon confirmation of the plan, or before, the debtors will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy such creditor's claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **HSBC** | **2005 Yamaha MC** | **$2118.20** | **$2118.20** |
| **HSBC** | **2007 Can –AM** | **$4585.00** | **$4585.00** |
| **GMAC** (already surrender pursuant to Court Order) | **2007 Chev Pick Up** | **$28,331.00** | **$28,331.00** |

### C. Adequate Protection Payments

The debtor(s) propose to make adequate protection payments required by 11 U.S.C.§1326(1) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| **Creditor** | **Collateral** | **Adequate Protection Monthly Payment** | **TO BE PAID BY:** |
|---|---|---|---|
| **None** | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. §1326(a)(1)(B) (payments coming due after the order for relief).

### D. Payment of Secured Claims on Property Being Retained (except only those loan provided for in section 5 of the Plan):

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, whichever is less, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. Upon confirmation of the Plan, the valuation and interest rate shown below will be binding, unless a timely written objection to confirmation is filed with and sustained by the Court.

| **Creditor** | **Collateral** | **Approx. Bal. of Debt or "Crammed Down" Value** | **Interest Rate** | **Monthly Payment & Est. Term** |
|---|---|---|---|---|
| **None** | | | | |

### E. Other Debts.

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. §1322(b)(5), are provide for in section 5 of the Plan.

## 4. Unsecured Claims

A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately 15%. The dividend percentage may vary depending on the actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately 15**%.**

.

    **B.**    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| NONE | | |

**5.** **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. §1322 (b)(5).**

Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

    **A. Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.**
The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Payment |
|---|---|---|---|---|---|---|
| *Citifinancial* | dt on house/lot | | -0- | *REGULAR MONTHLY PAYMENT* | | |
| | | | | *PAYMENTS TO CONTINUE UNTIL DEBT PAID IN FULL* | | |

    **B.**   **Trustee to pay the contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Payment |
|---|---|---|---|---|---|---|

*Nonw*

    **C. Restructured Mortgage Loans to be paid fully during the term of Plan.**
Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. §1322(c)(2) with

| **Creditor** | **Collateral** | **Interest Rate** | **Estimated Claim** | **Monthly Payment & Term** |
|---|---|---|---|---|

**None**

4

**6.    Executory Contracts and Unexpired Leases.**  The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    **A.    Executory contracts and unexpired leases to be rejected.**  The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| | NONE |

    **B.    Executory contracts and unexpired leases to be assumed.**  The debtor(s) assume the following executory contracts.  The debtor agrees to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| | | NONE | | |

**7.    Liens Which Debtor(s) Seek to Avoid**

    **A.    The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|
| | | NONE | | |

    **B.**    **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|

NONE

**8.**    **Treatment of Claims.**

- All creditors must timely file a proof of claim to receive any payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.**    **Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property or enter into a mortgage loan modification without approval of the court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.**    **Incurrence of Indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000.00 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request of notice, and other creditors to the extent required by the Local Rules of this Court.

**11.**    **Other provisions of this plan: Adequate protection to secured creditor shall be the amount listed above as payment on the secured debt.**

**Signatures:**

**Dated:__4.6.2012**

  <u>**/s/Sheila Joyce Moore**</u>
**Debtor**

<u>**/s/Tony M. Hutchinson**</u>

**Attorney**

**Exhibits:**    **Copy of Debtor(s)' Budget (Schedules I & J)**
                **Matrix of Parties Served with plan.**

Certificate of Service

I certify that on _April 6, 2012, I mailed a true copy of the foregoing Chapter 13 Plan to all creditors on the matrix.

/s/ Tony M. Hutchinson
Debtor(s)' Attorney

**TONY M. HUTCHINSON**
**VSB 28950**
**P. O. Box 16039**
**Bristol, VA 24209**
**(276) 669-4902**
**fax: (276) 669-2100**

7